**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**AUG 9 2004**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

STEPHEN JOE HOOVER,

      Plaintiff-Appellant,

v.

RON WARD, Director; DENNIS
COTNER, Medical Director,

      Defendants-Appellees.

No. 03-6222
(D.C. No. 02-CV-1173-F)
(W.D. Okla.)

---

**ORDER AND JUDGMENT** *

---

Before **HENRY** , **MURPHY** , and **TYMKOVICH** , Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Plaintiff-appellant Stephen Joe Hoover, a former state prisoner appearing pro se, filed a complaint against appellees Ron Ward and Dennis Cotner in their

---

* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

individual capacities under 42 U.S.C. § 1983. Plaintiff alleged that defendants Ward and Cotner violated his Eighth Amendment right to be free from cruel and unusual punishment by allowing him to be exposed to environmental tobacco smoke (ETS) while he was incarcerated in prison facilities operated by the Oklahoma Department of Corrections. [1] The magistrate judge recommended that the district court enter summary judgment in favor of defendants Ward and Cotner because he concluded that: (1) plaintiff submitted insufficient evidence to support an inference that he had been exposed to unreasonably high levels of (ETS); and (2) even if plaintiff could prove that he was exposed to unreasonably high levels of ETS, he failed to submit evidence showing that defendants Ward and Cotner acted with deliberate indifference concerning ETS. [2] *See* R., No. 31 at 4-7. The district court adopted the magistrate judge's recommendation, and it entered

[1]     Defendant Ward is the Director of the Oklahoma Department of Corrections. Defendant Cotner is the Chief Medical Officer for the Oklahoma Department of Corrections. In his complaint, plaintiff also named several other defendants, but the district court dismissed plaintiff's claims against the other defendants. In addition, plaintiff asserted claims against defendants Ward and Cotner in their official capacity, but the district court also dismissed the official capacity claims. Plaintiff is not appealing the dismissal of his other claims, and this appeal therefore involves only plaintiff's claims against defendants Ward and Cotner in their individual capacities.

[2]     Although defendants asserted the defense of qualified immunity in support of their motion for summary judgment, the district court did not address the issue of qualified immunity, and defendants have abandoned their qualified immunity defense in this appeal.

-2-

judgment in favor of defendants Ward and Cotner on plaintiff's Eighth Amendment claim. *See* R., Nos. 37 and 38. This appeal then followed.

"We review the district court's grant of summary judgment de novo, applying the same legal standard used by the district court." *Simms v. Okla. ex rel. Dep't of Mental Health & Substance Abuse Servs.*, 165 F.3d 1321, 1326 (10th Cir. 1999). Summary judgment is appropriate if "there is no genuine issue as to any material fact and [ ] the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). "When applying this standard, we view the evidence and draw reasonable inferences therefrom in the light most favorable to the nonmoving party." *Simms*, 165 F.3d at 1326. Because he is pro se, we also construe plaintiff's pleadings liberally, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), although we do not consider materials or arguments not presented to the district court, *see Myers v. Oklahoma County Bd. of County Comm'rs*, 151 F.3d 1313, 1319 (10th Cir. 1998).

Having conducted the required de novo review of the magistrate judge's report and recommendation, we agree with the magistrate judge's analysis. Accordingly, we affirm the entry of summary judgment in favor of defendants Ward and Cotner for substantially the same reasons set forth in the magistrate judge's report and recommendation. *See* R, No. 31 at 4-7.

Finally, in his opening brief, plaintiff argues that the district court erred by not allowing him to engage in discovery regarding his Eighth Amendment claim before entering summary judgment.  However, "if [plaintiff] felt he could not oppose defendants' motion[] for summary judgment without more information, he should have submitted an affidavit pursuant to Fed. R. Civ. P. 56(f) requesting a continuance until further discovery was had."  *DiCesare v. Stuart*, 12 F.3d 973, 979 (10th Cir. 1993).  Plaintiff failed to submit a Rule 56(f) affidavit to the district court, however, and the fact that he was pro se in the district court proceedings did not excuse him from complying with the requirements of Rule 56(f).  *Id.*  In light of plaintiff's failure to present and preserve the discovery issue in accordance with Rule 56(f), we deem it waived.

The judgment of the district court is AFFIRMED.  We also GRANT the "Request for Extension of Time to Pay Required Filing Fee" that plaintiff filed in this court on June 9, 2004 insofar as plaintiff requested an extension of time until June 17, 2004.

Entered for the Court

Michael R. Murphy
Circuit Judge

-4-